## Missouri, Kansas & Texas Railway Company of Texas v. Mary Cannady.

### Decided October 22, 1904.

**1.—Personal Injury—Evidence and Charge.**

In an action for personal injury where the petition alleged many injuries, some of which were not proven, it was not reversible error for the court to charge that if plaintiff was injured as alleged in whole or in part, the verdict should be in her favor,—the effect of other paragraphs of the charge limiting the recovery to only such injuries as were shown by the evidence.

**2.—Same—Unlighted Depot.**

Verdict sustained for injuries received by a passenger who, in stepping aside to answer a call of nature, fell from the platform of an unlighted depot at night.

Appeal from the District Court of Grayson. Tried below before Hon. Rice Maxey.

*T. S. Miller* and *Smith & Beaty,* for appellant.

*Wolfe & Hare,* for appellee.

RAINEY, Chief Justice.—Suit for damages on account of personal injuries received by appellee by falling from appellant's depot platform at Cale, I. T. Defendant pleaded contributory negligence. A trial resulted in a verdict and judgment for plaintiff.

The court charged the jury: "If you believe from the evidence that the said Mary Cannady * * * fell off of said platform and was injured in whole or in part, as alleged in plaintiff's petition, * * * then you will find for plaintiff." The petition alleged many injuries, some of which were not proven. The complaint is that there being various injuries pleaded, of which there was no proof, it was error in the court submitting to the jury the right of plaintiff to recover if plaintiff was injured in whole or in part. That it was a submission of issues not raised by the evidence. It would have been the better practice for the court in the paragraph complained of to have confined plaintiff's recovery to the injuries shown by the evidence. The effect of other paragraphs of the charge limited a recovery to only such injuries as were shown by the evidence. The charge as a whole was not calculated to mislead the jury and said assignment is overruled.

It was not error for the court to refuse special charges which instructed the jury to eliminate certain allegations in plaintiff's petition, upon which there was no evidence, from their consideration.

Nor was there any phase of the case that required the giving of the following charge requested by appellant, to wit: "Gentlemen of the jury, there is in this State no such doctrine as comparative negligence. So that, if you believe from the evidence in this case that both parties were negligent, and that the plaintiff was less negligent than the defendant, still if you believe from the evidence that such negligence of

the plaintiff caused or contributed to her injuries, you must find for the defendant;" and the court did not err in refusing same.

The verdict is attacked as not being supported by the evidence. The facts show that appellee was a passenger on appellant's train that reached Cale, I. T., about 11:30 at night. She was about 17 years old and traveling with her mother and brother. The station house consisted of three rooms. The night was dark and drizzly, and there was but one light in the station, and that was a small lamp. A few minutes after arriving appellee walked out of the depot along on the platform surrounding the depot, seeking a place to attend a call of nature, and fell therefrom and was injured. The platform where she fell was about four feet high. It was dark, the platform had no railing, nor was it lighted, and she could not see where she was going. She had never been there before. The fall rendered her unconscious; her right arm was broken at the wrist; it set her jaws, which remained so for several days; her face was skinned and some of her teeth loosened; the injury to her arm is permanent and materially impairs its use. She suffered intensely for a month and her arm pains and hurts her all the time and her eyesight has been affected. Before her injury she was a stout, healthy girl and had done a great deal of work, picking cotton, hoeing cotton, washing, ironing, cleaning house, etc., but has been able to do but little since.

This evidence supports the judgment and warranted the amount found by the jury.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.